JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Nicole L. Drey, SBN: 250235
        E-mail: ndrey@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MAZZ AUTO GROUP, INC., a California Corporation d/b/a MAZZ AUTOSPORT; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  2:17-cv-00418<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>  (1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];**<br>  (2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**<br>  (3) **TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>  (4) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; and**<br>  (5) **FEDERAL DESIGN PATENT INFRINGEMENT [35 U.S.C. §271].**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiffs BMW of North America, LLC ("BMW NA"), and Bayerische Motoren Werke AG ("BMW AG") (collectively "Plaintiffs"), to hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendant Mazz Auto Group, Inc. d/b/a Mazz Autosport, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company with its principal place of business located in Woodcliff Lake, New Jersey.

2.     BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation.

3.     BMW (US) Holding Corporation is a wholly owned subsidiary of BMW AG.

4.     Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

5.     Plaintiffs are informed and believe that Defendant Mazz Auto Group, Inc., is now, and was at the time of the filing of this Complaint, and at all intervening times, an active California corporation doing business as Mazz Autosport with its principal place of business located in Rosemead, California.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as Does 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Doe defendants by such fictitious names. When the true names and capacities of said Doe defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

7.     Plaintiffs further allege that Defendant Mazz Auto Group, Inc. d/b/a Mazz Autosport, and Does 1-10, inclusive, sued herein by fictitious names, are

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  jointly, severally and concurrently liable and responsible with one another upon the
2  causes of action hereinafter set forth.

3      8.    Plaintiffs are informed and believe and thereon allege that at all times
4  mentioned herein Defendant Mazz Auto Group, Inc. d/b/a Mazz Autosport, and
5  Does 1-10, inclusive, and each of them, were the agents, servants and employees of
6  every other defendant and the acts of each defendant, as alleged herein, were
7  performed within the course and scope of that agency, service or employment.

8                          **JURISDICTION / VENUE**

9      9.    This Court has jurisdiction over the subject matter of the First, Second,
10 Third, and Fifth Causes of Action (violation of the Lanham Act and Patent law)
11 pursuant to 15 U.S.C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

12     10.    This Court has personal jurisdiction over Defendants as Defendants
13 conduct business from a principal place of business within this jurisdiction and
14 have committed the tortious activities of trademark and patent infringement and
15 unfair competition in this district.  Defendants have sufficient minimum contacts
16 with this district such that the exercise of jurisdiction over Defendants by this
17 Court does not offend traditional notions of fair play and substantial justice.
18 Among other things, Defendants have advertised, offered to sell, sold, and
19 distributed products that infringe the trademarks and design patents of Plaintiffs to
20 consumers from this judicial district for Defendants' own commercial gain and
21 have exploited California's extensive marketplace, wherein Plaintiffs maintain
22 substantial business contacts and financial interests.

23     11.    Additionally, supplemental jurisdiction exists over Defendants
24 because, on information and belief, Defendants conduct business in California and
25 in this judicial district, have purposefully directed action to California and this
26 district, or have otherwise availed themselves of the privileges and protections of
27 the laws of the State of California, such that this Court's assertion of jurisdiction
28 over Defendants does not offend traditional notions of fair play and due process.

- 3 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

12.     Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiffs in this district.

## GENERAL ALLEGATIONS

### Plaintiffs and their Well-Known BMW® Brand and Products

13.     Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicles, wheels, parts, seat belt buckle clips, floor mats, anti-slip mats, mileage readers, DVD compact disc players, watches, clothing, MP3 players, PC port hubs, lighters, ash trays, USB flash memory drives, key-chains, pocket wallets, phone cases, car stickers and badges, car key cases, car key bags, driving license cases, brake pedal covers, storage basins, and a variety of other products under various trademarks, including but not limited to the BMW® marks. Plaintiffs' BMW®-branded products and marks have achieved great success since their introduction at least as of 1955 and 1987, respectively.

14.     Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their BMW® marks and products.  Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

15.     Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line.  A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW® marks.

16.     As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW® marks have been prominently placed in the minds of the

public.   Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, the BMW® marks are famous in the United States and around the world.

### **Plaintiffs' Registered Trademarks**

17.    While Plaintiffs have gained significant common law trademark and other rights in their BMW® products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registrations for the following non-exhaustive list of Plaintiff's trademarks registered with the United States Patent and Trademark Office ("USPTO"):

i.    USPTO Reg. No.: 0,611,710, registered September 6, 1955;

**BMW**

ii.    USPTO Reg. No.: 0,613,465, registered October 4, 1955;



/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

iii.  USPTO Reg. No.: 1,450,212, registered August 4, 1987;



iv.  USPTO Reg. No.: 4,293,991, registered February 26, 2013;



v.  USPTO Reg. No.: 1,438,545, registered August 5, 1987;



vi.  USPTO Reg. No.: 3,526,899, registered November 4, 2008;



/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

vii.   USPTO Reg. No.: 3,767,662, registered March 30, 2010;



viii.   USPTO Reg. No.: 3,767,663, registered March 30, 2010;



ix.   USPTO Reg. No.: 2,484,353, registered September 4, 2001;

## X5

x.   USPTO Reg. No.: 2,867,087, registered July 27, 2004;

## X3

xi.   USPTO Reg. No.: 2,799,930, registered December 30, 2003 (collectively "BMW® Trademarks").

# 3 SERIES

18.   Plaintiffs have never authorized or consented to Defendants' use of the BMW® Trademarks, or any confusingly similar marks by Defendants. Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW® products.

/ / /

## Plaintiffs' Registered Design Patents

19.    Plaintiffs, as one of the foremost designers and manufacturers of automobiles and automobile related products, are one of the largest producers of automobile wheels in the world. Accordingly, Plaintiffs own various valid and lawfully issues United States Design Patents, including but not limited to wheel design patent nos.: D551,149; D560,585; and D671,473 (collectively "BMW® Design Patents").

## Defendants' Wrongful and Infringing Conduct

20.    Defendants own and operate an online website, www.mazzautosportonline.net, promoting and offering for sale products, including counterfeit automobile wheel rims, center caps, and badges comprised of the BMW® Design Patents and/or bearing the BMW® Trademarks, described above, to consumers.

21.    Defendants also use the online website, www.craigslist.org ("Craigslist"), to offer for sale, sell and distribute products, including counterfeit automobile wheel rims, center caps, and badges comprised of the BMW® Design Patents and/or bearing the BMW® Trademarks, described above, to consumers.

22.    Defendants also operate a brick and mortar business under the name "Mazz Autosport" in Rosemead, California, offering for sale, selling and distributing products, including counterfeit automobile wheel rims, center caps, and badges comprised of the BMW® Design Patents and/or bearing the BMW® Trademarks, described above, to consumers.

23.    Through these websites and their brick and mortar business, Defendants regularly and systematically advertised, marketed, distributed and sold counterfeit automobile wheel rims with accessories comprised of the BMW® Design Patents and bearing the BMW® Trademarks to consumers.

24.    On February 5, 2016, Plaintiffs' put Defendants on notice of their infringement of BMW® Trademarks and BMW® Design Patents in relation to

their dealings in infringing automobile wheel rims identified as 1052, YSM-354 and YSM-357.

25.    On November 21, 2016, Plaintiffs' investigator purchased a set of four (4) automobile wheel rims, with center caps and badges, from Defendants from their brick and mortar business in Rosemead, California identified as YSM-545 for a cost of $1,032.00.

26.    The automobile wheels rims and accompanying center caps and badges purchased and received from Defendants were inspected by Plaintiffs to determine authenticity. Plaintiffs inspection of the purchased items confirmed that the items Defendants sold were in fact counterfeit BMW® products infringing upon the BMW® Trademarks and BMW® Design Patents.

27.    On November 29, 2016, Plaintiffs' again put Defendants on notice of their infringement of BMW® Trademarks and BMW® Design Patents in relation to their dealings in infringing automobile wheel rims identified as YSM-545, with counterfeit center caps and badges.

28.    By these sales and, on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights in its trademarked and patented automobile parts, wheels, center caps, badges, and related goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiffs' trademarks and patented products to confuse consumers and aid in the promotion and sales of its unauthorized goods.

29.    Defendants' conduct and use began long after Plaintiffs' adoption and use of its BMW® Trademarks and BMW® Design Patents, after Plaintiffs obtained the trademark and patent registrations alleged above, and after Plaintiffs' marks became famous.   Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Plaintiffs' marks and products. Defendants also had

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

knowledge of Plaintiffs' ownership of the designs and reproduced them in bad faith and in violation of Plaintiffs' patent rights. Neither Plaintiffs nor any authorized agents have consented to Defendants' use of Plaintiffs' BMW® Trademarks or BMW® Design Patents in the manner complained of herein.

30.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

31.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted Plaintiffs' rights in the BMW® Trademarks and BMW® Design Patents; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; (vii) infringed upon Plaintiffs patented designs; and (viii) unfairly profited from such activity.   Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks against Defendant MAZZ AUTO GROUP, INC. d/b/a MAZZ AUTOSPORT, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

32.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

action.

33.    Plaintiffs have continuously used their BMW® Trademarks in interstate commerce.

34.    Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. §1114.

35.    Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

36.    Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

37.    Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

38.    Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.    Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

39.    Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

40.    Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

41.    Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs request injunctive relief.

42.    Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendant MAZZ AUTO GROUP, INC. d/b/a MAZZ AUTOSPORT, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

43.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

44.    Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false

designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125). Plaintiffs' asserted marks are fanciful, inherently distinctive, and/or have otherwise acquired distinctiveness.

45. Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

46. Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

47. On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

48. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

49. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

/ / /

50.   Defendants' continuing and knowing use of the BMW® Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

51.   Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its BMW® products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

52.   Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

### **THIRD CAUSE OF ACTION**

**(Trademark Dilution against Defendant MAZZ AUTO GROUP, INC. d/b/a MAZZ AUTOSPORT, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(c)]**

53.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

54.   Plaintiffs' BMW® Trademarks are distinctive and famous within the meaning of the Lanham Act.

55.   Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks. Defendants' conduct is willful, wanton and egregious.

56.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products. The actions of Defendants complained of herein have diluted and will continue to dilute the BMW® Trademarks and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

57.     Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

58.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

### FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendant MAZZ AUTO GROUP, INC. d/b/a MAZZ AUTOSPORT, and DOES 1 through 10, Inclusive)**

**[*California Business & Professions Code* §17200 *et seq.*]**

59.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

- 15 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

60.    By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* §17200 *et seq.*

61.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

62.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

63.    By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

64.    Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

65.    Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct

and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

66.    Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiffs seek injunctive relief.

67.    Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Federal Design Patent Infringement against Defendant MAZZ AUTO GROUP, INC. d/b/a MAZZ AUTOSPORT, and DOES 1 through 10, Inclusive)

### [35 U.S.C. §271]

68.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

69.    Plaintiffs are the owners of the BMW® Design Patents with USPTO registration numbers:  D551,149; D560,585; and D671,473.

70.    Upon information and belief, Defendants have infringed and continue to infringe the BMW® Design Patents by using, selling and/or offering to sell, in the United States and/or importing into the United States, wheels which embody the designed covered by Plaintiffs' patents. Upon information and belief, Defendants infringing products include all of the ornamental designs of the BMW® Design Patents. By their conduct, Defendants have violated 35 U.S.C.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

§271 by direct infringement of Plaintiffs BMW® Design Patents and by inducing others to infringe the BMW® Design Patents.

71. Plaintiffs are informed and believe, and on that basis allege, that Defendants have gained profits by virtue of their infringement of the BMW® Design Patents.

72. As a direct and legal result of Defendants' wrongful conduct, Plaintiffs have been and will be irreparably and permanently harmed; wherefore Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from further engaging in the infringement of the BMW® Design Patents.

73. Defendants infringement of the BMW® Design Patents is and has been willful. Accordingly, Plaintiffs are entitled to its monetary damages, in an amount to be proven at trial, an award of treble damages, and their reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG pray for judgment against Defendant Mazz Auto Group, Inc. d/b/a Mazz Autosport, and Does 1 through 10, inclusive, and each of them, as follows:

1. An order and judgment preliminary and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of Plaintiffs' asserted BMW® Design Patents.

2. For an award of Plaintiffs damages and Defendants profits adequate to compensate Plaintiffs for Defendants' infringement of the BMW® Design Patents, and in no event less than a reasonable royalty for Defendants acts of infringement, including all pre-judgment and post-

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

judgment interest as the maximum rate permitted by law;

3. For an award of all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. §284, together with prejudgment interest.

4. For an award of all profits, pursuant to 35 U.S.C. §289 together with prejudgment interest.

5. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

6. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

7. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. §1117(c).

8. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

9. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

10. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

11. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

12. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

13. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

14. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

15. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

16. For damages in an amount to be proven at trial for unjust enrichment;

17. For an award of exemplary or punitive damages in an amount to be determined by the Court;

18. For Plaintiff's reasonable attorney's fees;

19. For all costs of suit; and

20. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

DATED:  January 18, 2017        JOHNSON & PHAM, LLP

                                By: _/s/_Marcus F. Chaney_____
                                Christopher D. Johnson, Esq.
                                Christopher Q. Pham, Esq.
                                Marcus F. Chaney, Esq.
                                Nicole L. Drey, Esq.
                                Attorneys for Plaintiffs
                                BMW OF NORTH AMERICA, LLC and
                                BAYERISCHE MOTOREN WERKE AG

## **DEMAND FOR JURY TRIAL**

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

DATED:  January 18, 2017        JOHNSON & PHAM, LLP

                                By: _/s/_Marcus F. Chaney_____
                                Christopher D. Johnson, Esq.
                                Christopher Q. Pham, Esq.
                                Marcus F. Chaney, Esq.
                                Nicole L. Drey, Esq.
                                Attorneys for Plaintiffs
                                BMW OF NORTH AMERICA, LLC and
                                BAYERISCHE MOTOREN WERKE AG

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**