# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MAZZ AUTO GROUP, INC., et al.,<br><br>Defendants. | Case No: 2:17-cv-00418 AB (RAOx)<br><br>[**PROPOSED**] **PERMANENT INJUNCTION AGAINST DEFENDANT MAZZ AUTO GROUP, INC. D/B/A MAZZ AUTOSPORT AND DISMISSAL, WITH PREJUDICE**<br><br>**Hon. Andre Birotte Jr.** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal ("Stipulation"), by and between Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs"), and Defendant Mazz Auto Group, Inc. d/b/a Mazz Autosport ("Defendant") filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant is hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) and 35 U.S.C. §283, from engaging in, directly or indirectly, or authorizing or assisting any

third-party to engage in, any of the following activities in the United States and throughout the world:

    i.    copying, manufacturing, importing, exporting, purchasing, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of BMW's intellectual properties, including but not limited to, BMW®, M®, X5®, X3® and/or 3 SERIES® trademarks and/or design patents D551,149, D560,585 and/or D671,473 (collectively hereinafter "BMW's Intellectual Properties"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any BMW Intellectual Properties, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    ii.    advertising or displaying images and/or photographs of non-genuine BMW automobile wheel rims with a BMW® and/or M® center cap or badge;

    iii.    advertising or selling non-genuine BMW automobile rims, center caps, or badges;

    iv.    using BMW Intellectual Properties, including but not limited to the BMW®, M®, X5®, X3® and 3 SERIES® trademarks in advertising to suggest that non-genuine BMW products being advertised are sponsored by, endorsed by, or are otherwise affiliated with BMW and/or advertising non-genuine BMW automobile wheel rims and other non-genuine BMW automotive parts using descriptions that imply that the products are genuine BMW products;

    v.    using, advertising or displaying BMW's trademarks, including but not limited to BMW®-, M®-, X5®-, X3®- or 3 SERIES®-trademarks, to suggest that non-genuine BMW products being advertised are manufactured,

sponsored or endorsed by BMW or advertising non-genuine BMW automobile parts or related products using descriptions that imply the products are genuine BMW products. Defendant may, however, use "BMW" or other BMW wordmarks to advertise non-BMW products with fair use descriptions such as 'for BMW automobiles' or 'fits BMW model _____,' or similar language, provided that "BMW" and any other BMW wordmarks that are used are in the identical font, format, size, and color as, and no more prominently displayed than the surrounding text. In no event may any BMW logos, design marks, or other graphical trademarks be used under this exception;

      vi. performing or allowing others employed by or representing Defendant, or under Defendant's control, to perform any act or thing which is likely to injure Plaintiffs, any BMW Intellectual Properties, including but not limited to the BMW®, M®, X5®, X3® and 3 SERIES® trademarks and/or Plaintiffs' design patents, and/or Plaintiffs' business reputation or goodwill, including making disparaging, negative, or critical comments regarding Plaintiffs or their products and services;

      vii. engaging in any acts of trademark infringement, false designation of origin, dilution, unfair competition, design patent infringement, or other act which would tend damage or injure Plaintiffs; and/or

      viii. using any Internet domain name or website that includes any of Plaintiffs' trademarks or design patents, including but not limited to the BMW®, M®, X5®, X3® and 3 SERIES® marks and/or design patents D551,149, D560,585 and/or D671,473.

    2. Defendant is ordered to deliver immediately for destruction all counterfeit, infringing or otherwise unauthorized products, including automobile wheel rims, center caps, emblems, badges, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto, in its possession and/or under its control embodying, comprised, utilizing and/or bearing any BMW

Intellectual Properties, or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

3. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against Defendant.

5. Defendant will be making agreed-upon payments to Plaintiffs, as more particularly described in a separate confidential Settlement Agreement.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendant.

7. **NO FEES AND COSTS.** Plaintiffs and Defendant shall each bear their own attorneys' fees and costs incurred in this matter.

8. **DISMISSAL.** Upon entry of this Permanent Injunction against Defendant, the case shall be dismissed in its entirety, with prejudice.

IT IS SO ORDERED, ADJUDICATED and DECREED this 18th day of October, 2017.

_____
HON. ANDRÉ BIROTTE JR.
District Court Judge of the United States
Central District of California